AT HUNTINGTON

ROGER HOSCHAR and JUDY HOSCHAR,

    Plaintiffs,

v.                                      CIVIL ACTION NO. 3:11-0152
                                      (Mason County Circuit Court Civil
                                      Action No. 11-C-10-N)

APPALACHIAN POWER COMPANY and
INDUSTRIAL CONTRACTORS, INC.,

    **Defendants.**

## NOTICE OF REMOVAL

TO:    Bill Withers, Clerk
         Mason County Circuit Court
         Mason County Courthouse
         200 Sixth Street
         Point Pleasant, WV 25550

         Alex McLaughlin, Esquire
         John Skaggs, Esquire
         The Calwell Practice PLLC
         500 Randolph Street
         Charleston, WV 25301

         William J. Hanna, Esquire
         Flaherty, Sensabaugh & Bonasso, PLLC
         P.O. Box 3843
         Charleston, WV 25301

    Notice is hereby given to you in accordance with the provisions of 28 U.S.C. §§ 1441 and 1446, as amended, that Defendant Appalachian Power Company d/b/a AEP Appalachian Power ("APCo"), hereby removes the above-styled action from the Circuit Court of Mason County, West Virginia, to the United States District Court for the Southern District of West Virginia, at Huntington, upon the following grounds:

1. On January 31, 2011, Plaintiffs instituted Civil Action No. 11-C-10-N in the Circuit Court of Mason County, West Virginia, which was styled, <u>Roger Hoschar and Judy Hoschar v. Appalachian Power Company and Industrial Contractors, Inc.</u>, by filing therein Plaintiffs' original "Complaint." Copies of the Summons, Complaint and certified docket sheet are attached hereto as Exhibit A and incorporated herein by reference. The attached copies constitute all process, pleadings, and orders served upon APCo in this civil action.

2. On February 8, 2011, APCo and Industrial Contractors, Inc. ("ICI") were first served, by service on the Secretary of State of West Virginia, with copies of a Summons issued by the Clerk of the Circuit Court of Mason County, West Virginia, and Plaintiffs' Complaint. APCo received a copy of the actual Complaint from the West Virginia Secretary of State on February 10, 2011. ICI received a copy of the actual Complaint from the Secretary of State on February 18, 2011.

3. APCo is informed by Plaintiffs' Complaint that Plaintiffs are, and were at the time of the commencement of this action, citizens of the State of West Virginia.

4. ICI is a corporation incorporated under the laws of the State of Indiana, having its principal place of business in the State of Indiana.

5. APCo is a corporation incorporated under the laws of Virginia, having its principal place of business in the State of Ohio.

6. The time within which APCo has to answer, move, or otherwise respond to Plaintiffs' Complaint has not expired, and APCo has neither answered nor filed any responsive pleading prior to filing this Notice of Removal.

7. Plaintiffs' Complaint states that Plaintiff Roger Hoschar developed a "histoplasmosis infection in his lung, he had to have portions of his lung surgically removed, and has the following permanent injuries, impairments, and damages: increased medical expenses,

2

pain and suffering, loss of earning capacity, and loss of the capacity to enjoy life." In addition, Plaintiff Judy Hoschar has alleged damages due to the alleged "loss of consortium." In addition, Plaintiffs have presented a claim for punitive damages. No specific demand is set forth in the Complaint.

8. In West Virginia, a defendant may remove a suit to federal court notwithstanding the failure of a plaintiff to plead a specific dollar amount in controversy. White v. J. C. Penny Life Ins. Co., 861 F.Supp 25 (S.D. W.Va. 1998). Based on Plaintiffs' allegations of permanent injuries, medical expenses, loss of earning capacity and pain and suffering, Plaintiffs' alleged damages and claims for relief exceed the jurisdictional limits of the Court. See McCoy v. Erie Insurance Co., 147 F.Supp.2d 481 (S.D. W.Va. 2001).

9. Further, in West Virginia, a claim for punitive damages may augment compensatory and special damages when determining the amount in controversy unless it can be said to a legal certainty that the plaintiff cannot recover punitive damages in the action. White v. J. C. Penny Life Ins. Co., 861 F.Supp 25, 27 (S.D. W.Va. 1998). Where the amount of actual, measurable damages is significantly deficient but punitive damages are alleged, the jurisdictional minimum is likely satisfied due to West Virginia's tendency to award excessive punitive damages. See, Mullins v. Harry's Mobile Homes, 861 F.Supp. 22, 24 (S.D.W.Va. 1994), White, 861 F.Supp. at 27.

10. Additionally, where compensatory damages are not sufficient alone to satisfy diversity requirements, damages for annoyance and inconvenience and/or mental anguish may also be added to the compensatory damage claim for purposes of determining diversity jurisdiction. Weddington v. Ford Motor Credit Co., 59 F.Supp.2d 578, 584 (S.D.W.Va. 1999).

11. Therefore, pursuant to the provisions of 28 U.S.C. § 1332, as amended, the United States District Court for the Southern District of West Virginia, at Huntington, has original

jurisdiction over this action in that there is complete diversity of citizenship and the matter in controversy exceeds the sum of Seventy Five Thousand Dollars ($75,000.00), exclusive of interest and costs. Accordingly, this action is removable to this Court pursuant to 28 U.S.C. § 1441, as amended.

12. This Notice is filed within thirty (30) days after APCo was served with and received copies of the Summonses, legal notice, and Complaint.

13. Pursuant to the provisions of 28 U.S.C. § 1441, as amended, this action is being removed less than one year after the commencement of the action.

14. ICI hereby consents to the removal of this action pursuant to the Consent attached hereto as Exhibit B.

**WHEREFORE**, this action is hereby removed from the Circuit Court of Mason County, West Virginia, to the United States District Court for the Southern District of West Virginia, at Huntington, pursuant to the statutes of the United States. Please take notice that no further proceeding may be had in the Circuit Court of Mason County, West Virginia, unless and until this action is remanded.

Respectfully submitted,

Brian R. Swiger (WV Bar No. 5872)
Matthew S. Casto (WV Bar No. 8174)
JACKSON KELLY PLLC
1600 Laidley Tower
P.O. Box 553
Charleston, WV 25322
(304) 340-1000
Facsimile (304) 340-1051
brswiger@jacksonkelly.com
mcasto@jacksonkelly.com
Counsel for Appalachian Power Company
d/b/a AEP Appalachian Power